IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANTONIO ROSADO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No.   06 C 4664 |
| v. | ) |  |
|  | ) | Judge Robert W. Gettleman |
| STEVE WRIGHT, Acting Warden, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Petitioner Antonio Rosado has brought a pro se petition for habeas corpus relief[1] pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, seeking to overturn his state conviction for murder and conspiracy to commit murder. For the reasons set forth below, the petition is denied.

## FACTS

On June 29, 1999, following a jury trial in the Circuit Court of Cook County, petitioner was convicted of first degree murder, conspiracy to commit murder, and armed robbery. He was sentenced to 50 years for murder and 20 years for armed robbery. Petitioner filed a direct appeal, claiming: (1) denial of due process and a fair trial because the State presented prejudicial and irrelevant evidence and argument concerning the criminal activities of severed co-defendants and unindicted associates; (2) the State failed to prove him guilty of armed robbery beyond a

---

[1]When Rosado filed his habeas petition, he was serving his sentence at Lawrence Correctional Center, in Sumner, Illinois, where Lee Ryker was Warden. Petitioner has been transferred to the Hill Correctional Center, in Galesburg, Illinois, where Steve Wright is Acting Warden. Because Mr. Wright has custody of petitioner, the court substitutes him as the proper party respondent. Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

reasonable doubt because the evidence established that he took no property from another person and used no force toward the goal of taking property from the victim; (3) the State improperly commented that petitioner did not assert an alibi after being apprised of his Miranda rights in violation of Doyle v. Ohio, 426 U.S. 610 (1976); (4) the trial court erred in denying a jury instruction on "withdrawal"; and (5) defendant was improperly given consecutive sentences in violation of People v. Whitney, 188 Ill. 2d 720 (1999).

On August 1, 2002, in an unpublished order issued pursuant to Illinois Supreme Court Rule 23, the Illinois Appellate Court affirmed petitioner's convictions and sentence for murder and conspiracy to commit murder, but vacated petitioner's sentence and conviction for armed robbery. Petitioner's request for a rehearing was denied on September 9, 2002.

Petitioner then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, alleging that: (1) he was denied due process and a fair trial because the State presented prejudicial and irrelevant evidence and argument concerning the criminal activities of severed co-defendants and unindicted associates; (2) the appellate court failed to remand his case for resentencing after vacating his conviction for armed robbery in violation of People v. Payne, 98 Ill. 2d 45 (1983); (3) the appellate court failed to address the alleged Doyle violation under a plain error analysis in violation of People v. Herrett, 137 Ill. 2d 195 (1990); and (4) the trial court erred in denying petitioner's requested jury instruction on "withdrawal." On February 5, 2003, the Supreme Court denied petitioner's PLA.

On February 26, 2003, petitioner filed a petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., alleging that: (1) his Fifth and Fourteenth Amendment rights were violated because the jury instruction on accountability to first degree murder

constituted a constructive amendment to the indictment; (2) he was denied his Fourteenth Amendment right to due process by the State's knowing use of the perjured testimony of four witnesses; and (3) he was denied effective assistance of trial and appellate counsel because neither counsel preserved his claims that the State knowingly presented the perjured testimony of several witnesses. On March 6, 2003, the state trial court dismissed the petition as frivolous and without merit.

Petitioner appealed the dismissal of his post-conviction petition, alleging only that he was denied his Fourteenth Amendment right to due process because the State knowingly used the perjured testimony of one witness. In an unpublished order dated March 31, 2005, the Illinois Appellate Court affirmed the summary dismissal of petitioner's post-conviction petition. On April 25, 2005, the state appellate court denied petitioner's request for rehearing.

Petitioner then filed a PLA, alleging that the appellate court: (1) misapplied People v. Collins, 202 Ill. 2d 59 (2002), regarding the required documentation a petitioner must provide to support his pro se post-conviction petition to survive first-stage summary dismissal; (2) misapplied Illinois Supreme Court precedent instructing that fact-finding is inappropriate at first-stage post-conviction proceedings; and (3) erroneously held that petitioner's affidavit did not sufficiently support his perjury claim. The Illinois Supreme Court denied leave to appeal on September 29, 2005.

Having exhausted all available state court avenues for relief, petitioner timely filed the instant pro se petition for writ of habeas corpus on August 29, 2006, alleging that: (1) he was denied due process and a fair trial because the State presented irrelevant and prejudicial evidence and argument concerning the criminal activities of severed co-defendants and unindicted

associates; (2) he was denied due process and a fair sentencing hearing because the appellate court reversed his armed robbery conviction but did not remand for resentencing on his murder conviction; (3) he was denied due process and a fair trial because the appellate court found a Doyle violation but did not reverse his convictions because of its misconception that Doyle errors do not warrant plain error review; (4) trial and appellate counsel were ineffective for not preserving claims that: (a) the trial court erred in allowing a jury instruction on accountability because it constituted an amendment to the indictment; (b) petitioner's due process rights were violated when the State knowingly used the perjured testimony of four witnesses; and (c) trial counsel failed to interview a witness who was willing to sign an affidavit stating that his testimony implicating petitioner was perjured and given at the behest of the State; and (5) petitioner was denied due process and a fair trial because the trial judge refused to tender a jury instruction on "withdrawal."

## DISCUSSION

Procedural Default

Before the court may entertain the merits of a habeas petition, it must first inquire whether petitioner has: (1) exhausted all available state remedies, and (2) raised all of his claims during the course of his state proceedings. Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998). If a petitioner fails to meet either of these requirements, the court may not reach the merits of his habeas claims. Id.

Respondent concedes that the petition is timely and that petitioner has exhausted his available state remedies, but maintains that petitioner's first four claims are procedurally defaulted. As the Supreme Court noted in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999),

4

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to preserve a claim for habeas review. See also Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (failure to take claim through "complete round" of appellate process resulted in procedural default).

A federal court may excuse a procedural default if a petitioner can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or if petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

*Claim I*

In Claim I, petitioner argues that he was denied due process and a fair trial because the State presented evidence and argument concerning the criminal activities of severed codefendants and unindicted associates. The state appellate court held that petitioner forfeited these allegations because he did not object to the prosecutor's comments at trial and failed to identify the State's errors with the requisite specificity in his post-trial motion.[2]

When a state court relies on a state procedural default rule in declining to review a federal question, a federal court must accept that ruling as an adequate and independent state ground for decision of that issue in a petition for habeas. Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002), citing Harris v. Reed, 489 U.S. 225, 260-61 (1989). Further, the Illinois state court

---

[2]The court notes that on direct appeal, petitioner conceded that he had waived his right to challenge the admission of this evidence because he had not objected at trial or in his post-trial motion. Petitioner therefore asked the state appellate court to consider his argument under the plain error doctrine. Although the court considered defendant's argument, it did so only in the alternative; it relied on procedural default in denying petitioner's claim.

requirement that a defendant must object to evidence at trial or in a post-trial motion is an independent and adequate ground upon which to find default in review of a habeas petition. Miranda v. Leibach, 394 F.3d 984, 992 (7th Cir. 2005). This court is therefore barred from reviewing this claim. Further, because petitioner did not object on direct appeal or in post-conviction petitions, he did not give the state courts an opportunity to resolve this issue. The court therefore finds that Claim I of the petition is procedurally defaulted.

*Claim II*

Petitioner's second claim alleges that he was denied due process and a fair sentencing hearing when the state appellate court reversed his conviction for armed robbery but did not remand his case for resentencing on his murder conviction. Respondent argues that this claim is procedurally defaulted because petitioner did not ask the state appellate court to remand the case for resentencing and did not raise it in post-conviction litigation.

As discussed above, to preserve a claim for federal habeas review, petitioner must have raised the same claim in state court. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). In the instant case, petitioner raised this issue in his PLA, but he did not appeal the appellate court's denial of that claim or raise the issue in any post-conviction petitions. Petitioner has therefore not given the state court an opportunity to resolve the issue. Consequently, petitioner's claim is procedurally defaulted.

*Claim III*

Claim III alleges that petitioner was denied due process and a fair trial because the state appellate court found that the State violated Doyle v. Ohio, 426 U.S. 610 (1976), in referring to

6

petitioner's silence after he was advised of his Miranda rights, but that the state appellate court declined to address the error under the plain error doctrine.

Petitioner asserted this Doyle violation on direct appeal. In doing so, he conceded that he made no objection to the prosecutor's statements at trial, but he urged the state appellate court to address the issue under the plain error doctrine nonetheless. The appellate court declined to consider the issue under the plain error doctrine, holding instead that petitioner had forfeited his Doyle claim by failing to object to it at trial. Because the state appellate court deemed petitioner's Doyle claim forfeited under an independent and adequate state procedural rule, it is procedurally barred.

*Claim IV*

Petitioner's fourth claim alleges that his trial and appellate counsel were ineffective for not preserving claims that: (a) the trial court erred in allowing a jury instruction on accountability because it constituted an amendment to the indictment; (b) petitioner's due process rights were violated when the State knowingly used the perjured testimony of four witnesses; and (c) trial counsel failed to interview a witness who was willing to sign an affidavit stating that his testimony implicating petitioner was perjured and given at the behest of the State.

Petitioner first argues that his counsel was ineffective in allowing a jury instruction on accountability. Petitioner did not raise this argument, however, on direct appeal or in his first PLA. He did not make any argument concerning assistance of counsel until he filed a post-conviction petition, and at that point petitioner argued only that his attorneys failed to preserve his claim concerning the State's use of perjured testimony. Because he did not raise his

7

argument concerning the accountability instruction at any other point, he did not permit the state courts an opportunity to consider it. Petitioner's argument is therefore procedurally defaulted.

Petitioner next argues that his counsel was ineffective in failing to preserve his claim that the State knowingly used the perjured testimony of four witnesses. Although petitioner presented this claim in his post-conviction petition, he raised it in reference to only one witness, Alexis Paredero. Because the state court did not have an opportunity to consider petitioner's claim of ineffective assistance of counsel with regard to the perjured testimony of the three other witnesses (Debbie Perez, Sergio Montero, and Maria Rodriguez), his claim with respect to those three witnesses is procedurally defaulted.

Petitioner's ineffectiveness claim regarding the testimony of Alexis Paredero is also procedurally defaulted. Although petitioner raised the issue of Paredero's perjured testimony in his post-conviction petition, he did not raise the related issue of ineffectiveness of counsel. As respondent points out, a claim of ineffective assistance of counsel is separate from the underlying claim on which it is based. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004). Petitioner raised only the underlying issue, which did not give the state courts an opportunity to resolve the issue concerning the effectiveness of his counsel. For that reason, the claim is procedurally defaulted.

Finally, petitioner argues that his counsel was ineffective because his attorneys failed to interview Paredero and obtain an affidavit stating that his testimony was perjury given at the behest of the State. As with petitioner's arguments regarding the testimony of the three other witnesses, petitioner did not raise this argument in his appeal or his post-conviction petition.

8

The state court has therefore not had the opportunity to evaluate petitioner's argument and, consequently, it is procedurally defaulted.

*Prejudice to Petitioner*

As discussed above, even if petitioners' claims are procedurally defaulted, this court may still consider them if petitioner can show cause for the default and actual prejudice would result from the alleged violation of the law, or if the court's failure to consider the issues would result in fundamental unfairness or a miscarriage of justice. House v. Bell, 126 S.Ct. 2064, 2077 (2006).

Petitioner does not include in his habeas petition any "cause" to excuse his procedural default in state court. Although a claim of ineffective assistance of counsel can constitute "cause" to excuse a procedural default (see, e.g., Freeman v. Lane, 962 F.2d 1252, 1257 (7th Cir. 1992)), that claim must have been preserved in state court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). As discussed above, petitioner did not preserve such claims and therefore cannot invoke them now.

To establish a miscarriage of justice, petitioner must demonstrate that he is actually innocent of the crime for which he was convicted. House, 126 S.Ct. at 2077; Perruquet, 390 F.3d at 515. Petitioner must show that, in light of new evidence, no reasonable juror would have found him guilty absent the errors alleged in the habeas petition, because "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup v. Delo, 513 U.S. 298, 316 (1995). Because

9

petitioner has not alleged actual innocence or brought forth new evidence documenting his evidence, he cannot demonstrate a miscarriage of justice or fundamental unfairness from the court's refusal to consider his otherwise procedurally barred claims.

Claim V

Under AEDPA, a petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." McFowler v. Jaimet, 349 F.3d 436, 446 (7th Cir. 2003). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Court. Williams v. Taylor, 526 U.S. 362, 405-06 (2000).

Whether the state court decision involved an unreasonable application of federal law is analyzed under an objective standard. Id. at 409. The standard is difficult to meet, because "unreasonable" means "well outside the boundaries of permissible differences of opinion." McFowler, 349 F.3d at 447. This court "may not issue the writ [of habeas corpus] simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003).

Petitioner alleges in Claim V that he was denied a fair trial when the trial court denied his requested instruction on "withdrawal." Specifically, petitioner claimed that there was sufficient evidence for the jury to believe that he had taken part in a meeting to plan the murder for which he was convicted, and that he had initially agreed to participate in the crime, but he then changed his mind and did not participate in the commission of the murder.

The state appellate court applied Illinois law on withdrawal, finding that "[a] defendant will not be held accountable for the conduct of another when a defendant, before the commission of the offense, terminates his effort to promote or facilitate such commission and wholly deprives the enterprise of the effectiveness of his efforts, gives timely warning to law enforcement authorities, or otherwise makes an effort to prevent the commission of the crime." The appellate court then found that petitioner had not warned the police of the impending crime, had not communicated his intent to withdraw, and had not deprived the enterprise of his efforts or neutralized his prior conduct merely by failing to appear at the scene. The state appellate court therefore concluded that there was insufficient evidence on which to give an instruction on withdrawal.

On federal habeas review, the question for the court is not whether the failure to instruct was correct under state law, but whether the failure to provide an instruction constituted a miscarriage of justice. Reeves v. Battles, 272 F.3d 918, 920 (7th Cir. 2001). To do so, petitioner must show that the lack of instruction so tainted the trial that the conviction violated petitioner's right to due process. Id.

Petitioner cannot show that the failure to give an instruction on withdrawal resulted in a miscarriage of justice. As noted by the appellate court, petitioner did not have to be present to be

11

accountable for the actions of co-conspirators under Illinois law, and he did not take any affirmative actions to withdraw himself from the planned crime. The appellate court's holding is not contrary to or an unreasonable application of Supreme Court precedent and, consequently, petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

As discussed above, Claims I through IV of the petition are procedurally defaulted, and Claim V is without merit. The petition for writ of habeas corpus is therefore denied.

**ENTER:** **March 12, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**